1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8
   TONY D. PENWELL,                         )
9                                           )
                 Plaintiff,                 )      Case No. C05-2044-RSM-MJB
10                                          )
                 v.                         )
11                                          )
   REED HOLTGEERTS, *et al.*,               )      REPORT AND RECOMMENDATION
12                                          )
                 Defendants.                )
13 _____)

14               INTRODUCTION AND SUMMARY CONCLUSION

15         This is a *pro se* civil rights action under 42 U.S.C. § 1983.  This matter is now before the

16 Court on plaintiff's motion for preliminary injunctive relief.[1]  Defendants have filed a brief in

17 opposition to plaintiff's motion for injunctive relief.  This Court, having reviewed plaintiff's motion,

18 and the balance of the record, concludes that plaintiff's motion for preliminary injunctive relief

19 should be denied.

20                                   DISCUSSION

21         The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending

22 a determination of the action on the merits.  *Los Angeles Memorial Coliseum Com'n v. National*

23

24 _____

25     [1]  Plaintiff titles the instant motion "Motion for Preliminary and Permanet [sic] Injunction."
   However, plaintiff indicates in the body of his motion that he is seeking a preliminary injunction.
26 Whether or not plaintiff is entitled to a permanent injunction is a matter which can be resolved after
   the parties have had an opportunity to fully litigate plaintiff's access to courts claims.

REPORT AND RECOMMENDATION
PAGE - 1

1   *Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking a preliminary injunction

2   must fulfill one of two standards, the "traditional" or the "alternative."  *Cassim v. Bowen*, 824 F.2d

3   791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the
> moving party will suffer irreparable injury if the relief is denied; (2) the moving party will
> probably prevail on the merits; (3) the balance of potential harm favors the moving party; and
> (4) the public interest favors granting relief. . . . Under the alternative standard, the moving
> party may meet its burden by demonstrating either (1) a combination of probable success and
> the possibility of irreparable injury or (2) that serious questions are raised and the balance of
> hardships tips sharply in its favor.

8   *Cassim v. Bowen*, 824 F.2d at 795 (citations omitted).

9   The standards "are not discrete tests, but are instead 'outer reaches of a single continuum.'"

10   *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995) (citing *Chalk v. United States Dist. Ct.*, 840 F.2d

11   701, 704 (9th Cir. 1988)).  To obtain injunctive relief under either standard the moving party must

12   demonstrate exposure to irreparable harm absent the requested judicial intervention.  *Caribbean*

13   *Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).  Speculative injury does not

14   constitute irreparable injury sufficient to warrant granting preliminary relief.  *Id.*  Rather, "a plaintiff

15   must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."  *Id.*

16   (emphasis in original).

17   Plaintiff Tony Penwell is currently confined at the King County Regional Justice Center

18   ("RJC") in Kent, Washington.  Plaintiff has been in custody at the RJC since November 3, 2004.

19   According to plaintiff, he was convicted on four felony counts in January 2006, but is currently

20   awaiting trial on additional charges.  Plaintiff alleges in his § 1983 complaint that he was denied due

21   process in a jail disciplinary proceeding.  He further alleges that he has been, and continues to be,

22   denied adequate access to the courts.  Plaintiff requests relief in the form of an injunction ordering

23   defendants to rectify constitutional deficiencies in their legal access scheme.  In addition, plaintiff

24   seeks declaratory relief, as well as compensatory and punitive damages.

25   In his motion for preliminary injunctive relief, plaintiff argues that defendants are conspiring

26   to deny him, as well other inmates, meaningful access to the Courts.  Specifically, plaintiff asserts

REPORT AND RECOMMENDATION
PAGE - 2

1   that copy requests are consistently refused, that delays in receiving materials requested from the law

2   library are common, that restrictions are placed on the number of items which can be obtained from

3   the law library each week, and that the employee in charge of the new research computer is not able

4   to show inmates how to use it.  Plaintiff seeks to enjoin defendants from denying him the legal access

5   necessary for him to prosecute his own actions and to assist other inmates in the prosecution of their

6   actions.

7           A review of both the quality and the quantity of the documents thus far filed by plaintiff in

8   this action belies any claim that he is being denied adequate access to legal materials for purposes of

9   litigating this action.  In fact, plaintiff makes no showing that he has suffered any actual injury to his

10  right of access.  This Court must therefore conclude that plaintiff will not suffer any irreparable harm

11  absent the requested judicial intervention.  While it is clear that plaintiff is concerned not only with

12  his ability to litigate his own actions, but also with his ability to assist other inmates in litigating their

13  actions, plaintiff himself with suffer no irreparable harm if he is not permitted to assist others with

14  their litigation activities.  Accordingly, plaintiff is not entitled to the preliminary injunctive relief he

15  seeks.

16                                          <u>CONCLUSION</u>

17          For the reasons set forth above, this Court recommends that plaintiff's motion for preliminary

18  injunctive relief be denied.  A proposed order accompanies this Report and Recommendation.

19          DATED this 27th day of June, 2006.

20

21

22                                                          MONICA J. BENTON
                                                            United States Magistrate Judge
23

24

25

26

REPORT AND RECOMMENDATION
PAGE - 3