UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY D. PENWELL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>REED HOLTGEERTS, et al,<br><br>　　　　　　Defendants. | CASE NO. C05-2044 RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on remand from the United States Court of Appeals for the Ninth Circuit. Dkt. #66. Plaintiff has alleged a due process violation and seeks money damages under 42 U.S.C. §1983.

## II. BACKGROUND

Plaintiff initially claimed that an infraction placed on his disciplinary record stemming from his conviction for damaging a library book violated his due process rights. Plaintiff's amended complaint makes additional claims for pain and suffering as a result of this alleged violation of his due process rights.

Defendants subsequently removed the infraction from Plaintiff's disciplinary record. Consequently, this Court struck the parties' cross motions for summary judgment on Plaintiff's due process claims as moot, concluding that Plaintiff no longer had any substantive injury. On appeal, the Ninth Circuit held that Plaintiff's claims are not moot because a claim for money damages survives regardless of the mootness of a claim for declaratory or injunctive relief. The Ninth Circuit vacated this Court's order striking as moot the parties' cross motions for summary judgment, and directed that this Court consider the merits of those motions. This Court subsequently requested a Joint Status Report, in which Defendants requested leave to amend their Motion for Summary Judgment. Plaintiff objects to Defendants' request to amend their Motion for Summary Judgment.

### III. DISCUSSION

In order to succeed on a due process claim, a Plaintiff must first establish that he has a liberty or property interest at stake. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972); *Watson v. University of Utah Medical Center*, 75 F.3d 569 (10th Cir. 1996). Plaintiff must also establish that he has been deprived of that interest by government action and that the deprivation occurred via a lack of process. *See Gilbert v. Homar*, 520 U.S. 924 (1997). Moreover, a person possesses a liberty interest in not having his confinement be unduly affected (or extended) because of a disciplinary record. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). The Supreme Court has announced due process requirements for prison disciplinary hearings. *Wolff,* 418 U.S. at 563-66. However, since the infraction is no longer included on Plaintiff's disciplinary record, plaintiff cannot be subjected to the possible negative consequences of having the alleged infraction placed on record. Moreover, because Plaintiff was never actually subjected to any discipline as a result of the infraction, no deprivation in fact occurred. Therefore plaintiff was not deprived of a protected interest for which he may seek redress.

Plaintiff claims that he is entitled to damages because he suffered physical and emotional harm as a result of the alleged due process violation. Even if a due process violation occurred, Plaintiff has not met his burden of showing any link between the alleged violation and the emotional and physical injuries for which he claims damages. In order to state a claim for damages under §1983, plaintiff must show that the injury is a consequence of a violation of a federally protected right. *Rodriguez-Cirilo v. Garcia*, 115 F.3d 50, 52 (1st Cir. 1997). Plaintiff has not provided any evidence that would tend to show a causal link or temporal connection between the conduct at issue and the alleged emotional and physical damage suffered.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motions for Partial Summary Judgment (Dkt. #20) and Cross Motion for Summary Judgment (Dkt. #40) are DENIED.

(2) Defendants' Cross Motion for Summary Judgment (Dkt. #24) is GRANTED.

(3) Defendants' Request to Amend their Motion for Summary Judgment (Dkt. #76) is DENIED as this Order disposes of the matter.

(4) This action is DISMISSED. The Clerk is directed to close this case.

(5) The Clerk is directed to forward a copy of this Order to Defendants (*pro se*) and to all counsel of record.

Dated January 3, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE